IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANA OSBORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-3041-CV-SRB |
| | ) | |
| NIXA FIRE PROTECTION DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before this Court is Defendants Board of Nixa Fire Protection District, Neff and McGehee's Motion to Dismiss and Suggestions in Support. (Doc. #25). For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

**I.     BACKGROUND**

Since this matter comes before the Court on a motion to dismiss, Plaintiff Dana Osborne's allegations as set forth in the complaint are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). Plaintiff Dana Osborne is a female firefighter who has been employed with the Nixa Fire Department since 2017. Plaintiff alleges she has been subjected to various forms of sexual harassment, gender discrimination, and retaliation throughout her employment as a firefighter with the Nixa Fire Department. Plaintiff brings claims against the Nixa Fire Protection District (the "District") and the Board of Directors of the Nixa Fire Protection District (the "Board") for gender discrimination, sexual harassment, hostile work environment, and retaliation in willful violation of Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act

("MHRA"), and for equal protection violation under 42 U.S.C. § 1983.  Plaintiff also brings a claim for equal protection violation under § 1983 against Adam Neff, Assistant Chief of the Nixa Fire Department; Lloyd Walles, Chief of the Nixa Fire Department; Will McGehee, firefighter with the Nixa Fire Department; and Garrick Zoeller, Captain of the Nixa Fire Department, in their individual capacities.  Defendants the Board, Neff, and McGehee move for dismissal of all claims brought against them.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570); *Zink*, 783 F.3d at 1098.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (citation and quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).  When deciding a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."  *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678

(citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citation and quotation marks omitted).

### III. DISCUSSION

The Board moves for dismissal of the Title VII and MHRA claims brought against it on the ground that the Board is not Plaintiff's "employer." The Board also requests dismissal of the equal protection claim brought against it on the ground that the Board is not a "person" for the purposes of § 1983 claims and because Plaintiff has failed to allege that the Board itself committed any constitutional violation. Defendants Neff and McGehee move for dismissal of the equal protection claim brought against them for failure to state a claim upon which relief can be granted. The Court will address each argument in turn.

#### A. "Employer" under Title VII and the MHRA

The Board argues it cannot be liable under either Title VII or the MHRA because the District, not the Board, is Plaintiff's employer. Plaintiff argues the Board and the District are a single employer or joint employer for purposes of Title VII and the MHRA. "Claims of [] discrimination under Title VII [and] the Missouri Human Rights Act . . . are [] determined using the same analysis." *Evans v. Siegel-Robert, Inc.*, 139 F. Supp. 2d 1120, 1124 (E.D. Mo.) (citing *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1055 (8th Cir. 1997); *Finley v. Empiregas, Inc.*, 975 F.2d 467, 473 (8th Cir. 1992)), *aff'd*, 22 F. App'x 688 (8th Cir. 2001). Courts should liberally construe "the definition of 'employer,' which incorporates the two concepts of 'joint employer' and 'single employer.'" *Walton v. Edge Med. Prof'l Servs., LLC*, 442 F. Supp. 2d 731, 748 (W.D. Mo. 2006) (citation omitted). "A 'single employer' relationship exists 'where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer.'" *Id.* at 749 (citation omitted). "By contrast,

3

the 'joint employer' relationship consists of no single integrated enterprise. Rather, the analysis assumes the existence of separate legal entities which have chosen to handle jointly important aspects of their employer-employee relationship." *Id.*

Plaintiff cites a four-factor test set forth in *Baker v. Stuart Broad., Co.*, 560 F.2d 389 (8th Cir. 1977) for determining in the Title VII context whether a single employer or joint employer relationship exists between two entities. Under that test, the court analyzes:

> (1) the degree of interrelation between the operations of the entities in question; (2) the degree to which those entities shared common management; (3) the degree of centralized control of labor relations as between those entities; and (4) the degree of common ownership or financial control of the entities.

*Walton*, 442 F. Supp. 2d at 749 (citing *Baker*, 560 F.2d at 392). The Missouri Court of Appeals has set forth a test to be applied in the MHRA context, which is a modification of the "economic realities" test that applies in Missouri Minimum Wage Law cases.[1] However, the test was modified specifically for a prior version of the MHRA's definition of employer, which formerly required that "an entity that is not the employer-in-fact directly act[s] in the interest of the employer-in-fact."[2] *Diaz*, 484 at 80 (quotation marks omitted). Considering the definition of

---

[1] Under the economic realities test, the court generally considers five factors:

> (1) who has the power to hire and fire the worker; (2) who supervises and controls the worker's work schedule and conditions of work; (3) who determines the rate and method of payment of the worker; (4) who maintains work records; and (5) whether the alleged employers' premises and equipment were used for the plaintiff's work.

*Diaz v. Autozoners, LLC*, 484 S.W.3d 64, 79 (Mo. App. W.D. 2015).

[2] Under the modified version, the court considers the following factors:

> (1) who was responsible for establishing policies and training employees concerning harassment; (2) who was responsible for receiving, investigating, and responding to harassment complaints; and (3) who had the power to discipline employees who may have failed to comply with anti-harassment policies. These factors are relevant to determining whether an entity may be properly considered an "employer" for purposes of the MHRA, because it is only when these factors are present that an entity can be deemed to be "directly acting in the interest of an employer," as that phrase has been interpreted in prior cases.

*Diaz*, 484 S.W.3d at 80 (citation omitted).

employer under the MHRA no longer contains the "directly acting in the interest of an employer" language, it is unclear what test would apply.

The Court finds that regardless of what test applies, Plaintiff has pled sufficient facts to allege that the Board is part of a single or joint employer relationship under Title VII and the MHRA. Plaintiff alleges "Defendant Board of Directors of the Nixa Fire Protection District has the powers, authority, and privileges as outlined by RSMO Chapter 321. The Board through State Statute, Ordinances, Resolutions, Policy, Procedure, Programs, and basic employment practices governs the operation of the District." (Doc. #1, ¶ 8). Plaintiff argues, and the Board does not dispute, that pursuant to Chapter 321 of the Missouri Revised Statutes and the Nixa Fire Protection District Policies and Procedures, the Board: 1) adopts rules and regulations for the District; 2) hires and retains employees for the District and provides benefits for District employees; 3) is the governing authority for employment practices within the District; 4) must ensure the District is following all applicable laws and ordinances; 5) maintains financial control over the District; 6) evaluates the pay scale and approves payroll deductions; 7) manages, controls, and supervises all business and affairs of the District; and 8) participates on the Grievance Board of Review for employee labor relations. The Court expects the facts relevant to the Board's relationship with the District will become clearer and the question of whether the Board is properly considered an employer will be better answered once discovery progresses. At this stage of the litigation, Plaintiff's claims under Title VII and the MHRA survive.

### B. Section 1983 Claim

#### i. The Board

The Board argues it cannot be liable under § 1983 because it is not a person and because Plaintiff has failed to allege that the Board itself committed any constitutional violation. Plaintiff

argues that she has sufficiently pled a § 1983 equal protection claim against the Board and that the Board can be liable as the governing body of a municipal entity. Even if the Board is considered a person that can be sued as a municipality under § 1983, Plaintiff's claim fails.

Plaintiff did not allege that the Board itself participated in gender discrimination. To the extent Plaintiff argues the Board should be held liable for the acts of the individual defendants in this case, the claim fails. *See Dahl v. Rice County*, 621 F.3d 740, 743 (8th Cir. 2010); *see also N.S. v. Kansas City Bd. of Police Comm'rs*, No. 4:16-CV-00843-BCW, 2018 WL 10419344, at *4 (W.D. Mo. Feb. 9, 2018) (It is well-established that "a governmental entity may not be held liable for the unconstitutional acts of employees.") (collecting cases), *vacated and remanded sub nom. N.S. v. Kansas City Bd. of Police Comm'rs*, 933 F.3d 967 (8th Cir. 2019).

To the extent Plaintiff argues the Board may be subject to municipal liability, the claim also fails. "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Jiang v. Porter*, 156 F. Supp. 3d 996, 1008 (E.D. Mo. 2015) (citing *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013)). In order to hold the Board liable for failure to train, Plaintiff "must demonstrate that the [Board] had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *N.S.*, 2018 WL 10419344, at *4 (quoting *Parrish v. Ball*, 594 F.3d 993, 997–98 (8th Cir. 2010)) (quotation marks omitted).

Plaintiff did not plead, and does not argue that she pled, facts showing that the alleged discrimination and harassment "represented part of a municipal policy or custom supporting such behavior." *Kelly v. City of Omaha*, No. 14-3446, 2016 WL 660117, at *2 (8th Cir. Feb. 18, 2016). Plaintiff alleges "Defendants failed to provide proper training to its managers,

6

Case 6:20-cv-03041-SRB   Document 40   Filed 06/18/20   Page 6 of 9

supervisors, and employees to prevent gender discrimination. Defendants' failure to train was deliberately indifferent to the rights of employees within its purview." (Doc. #1, ¶ 97). However, Plaintiff provides no facts in her complaint in support of this assertion as it relates to the Board, nor did Plaintiff assert any facts demonstrating that the Board had notice of the alleged inadequacies of its training. Plaintiff also made no arguments related to her claim for failure to train as it relates to the Board in her response in opposition to the instant motion. Accordingly, the Court finds Plaintiff has failed to state a claim under § 1983 against the Board.

### ii.  Defendant Neff

Defendant Neff argues Plaintiff has failed to state a claim against him under § 1983 because Plaintiff's only allegation about Defendant Neff is that she complained to him about discrimination and harassment, and there is no allegation that Defendant Neff treated Plaintiff differently than other similarly situated individuals. Plaintiff argues that she sufficiently alleged that Defendant Neff failed to supervise and take corrective action and that he was actively involved in the discriminatory conduct.

"[T]he first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). As a threshold matter, the Court finds that contrary to Defendant Neff's assertion, Plaintiff has sufficiently alleged throughout her complaint, both explicitly and implicitly, that she was treated differently than male firefighters similarly situated to her. Plaintiff alleges the discriminatory, harassing, and retaliatory actions made against her were based on her status as a female and did not happen to male firefighters.

"A supervisor . . . may be held liable under § 1983 if he directly participated in the constitutional violation . . . or if his failure to train or supervise the offending actor caused the

7

Case 6:20-cv-03041-SRB   Document 40   Filed 06/18/20   Page 7 of 9

deprivation." *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994) (citations omitted). "The standard of liability for failure to supervise is demonstrated deliberate indifference or tacit authorization of the offensive acts." *Id.* at 807 (citation omitted). Contrary to Plaintiff's assertion, Plaintiff did not allege any facts demonstrating that Defendant Neff actively participated in discriminatory conduct. However, Plaintiff sufficiently alleges a claim for failure to train or supervise. Plaintiff alleges that "[o]n October 19, 2018, Osborne complained to Assistant Chief Neff about the discrimination and harassment she had been experiencing at the fire station." (Doc. #1, ¶ 42). While Plaintiff does not specifically allege that Defendant Neff failed to take corrective action, in reading Plaintiff's complaint as a whole, Plaintiff alleges the discrimination and harassment continued for more than a year after she complained to Defendant Neff. *See Tognozzi v. Mastercard Int'l Inc.*, No. 4:16 CV 2045 CDP, 2017 WL 2225207, at *4 (E.D. Mo. May 22, 2017) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)) (The Court is "required to read the complaint 'as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.'"). The Court draws the reasonable inference from these allegations that Defendant Neff failed to respond to Plaintiff's complaint. *See Ash*, 799 F.3d at 960. Accordingly, Plaintiff has pled a plausible claim against Defendant Neff for equal protection violation from a failure to train or supervise under § 1983.

### iii. Defendant McGehee

Defendant McGehee argues Plaintiff has failed to state a claim against him under § 1983 because Plaintiff does not allege that she was treated differently than other similarly situated individuals. Plaintiff argues she sufficiently alleged that Defendant McGehee was actively involved in the discrimination and harassment. The Court finds Plaintiff has sufficiently alleged

that she was treated differently based on her status as a female. Plaintiff alleges that "[i]n November 2017, McGehee, would hide parts of Osborne's uniform and make Firefighter Osborne run 'gear drills' even though gear drills were historically only run by senior officers such as Battalion Chief, Captain or Lieutenant." (Doc. #1, ¶ 24). Plaintiff alleges that "[i]n August 2018, McGehee commented to Firefighter Osborne that she was receiving special treatment." (Doc. #1, ¶ 32). Plaintiff alleges that "[o]n September 23, 2019, Firefighter McGehee referred to Osborne as, 'the girl.'" (Doc. #1, ¶ 76). In addition to these specific allegations against Defendant McGehee, as stated above, Plaintiff alleges both explicitly and implicitly throughout her complaint that she was treated differently based on her status as a female. Accordingly, Defendant McGehee's motion to dismiss Plaintiff's claim against him under § 1983 is denied.

## IV. CONCLUSION

Accordingly, Defendants Board of Nixa Fire Protection District, Neff and McGehee's Motion to Dismiss and Suggestions in Support is GRANTED IN PART and DENIED IN PART. Plaintiff's claim for equal protection violation under § 1983 against the Board of Directors of the Nixa Fire Protection District is dismissed. All other claims survive.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2020